UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

V.                                                        CRIMINAL NO. 3:26-CR-21-CWR-ASH

AUSSIE GUEVARA

ORDER

Defendant Aussie Guevara is charged in a one-count indictment with cyberstalking A.W. beginning on or around January 2025. She filed a motion [29] requesting the issuance and service of subpoenas under Federal Rule of Criminal Procedure 17(c). Specifically, she seeks to subpoena "call logs, response records, incident reports, Computer Aided Dispatch (CAD) logs, and any audio and video recordings related to" requests Guevara allegedly made to "local police to go to the victim's residence for purported 'welfare checks.'" Mot. [29] ¶¶ 3–4. She seeks permission to issue subpoenas to the Jackson Police Department and the Mississippi Capitol Police. Guevara served her motion on the Government; it failed to respond, and the time to do so under the local rules has expired. The Court grants the motion as unopposed under Local Rule 47(C)(1) with the following limitations.

"The party seeking a Rule 17(c) subpoena must show that the materials sought are relevant, that they are admissible, and that they are requested with adequate specificity." *United States v. Carriles*, 263 F.R.D. 400, 402 (W.D. Tex. 2009) (citing *United States v. Arditti*, 955 F.2d 331, 345 (5th Cir. 1992). Absent some argument from the Government as to why Guevara's planned subpoenas fail to meet this standard, the Court finds the issuance of subpoenas appropriate. The Court finds that the subpoenas should be limited to any records from January 1, 2025, through May 1, 2026.

Additionally, the subpoena, the subpoena return, and any produced documents—all of which will necessarily identify the victim A.W.—shall be treated as Protected Discovery Material under Protective Order [21]. The subpoena and the subpoena return shall be filed under seal, with copies available upon request to Guevara and the Government.

The Court further orders that the subpoena shall be returnable to the Court and the items sought therein must be delivered to the Court at the place, date, and time indicated, and in any event no sooner than 14 days after service. The subpoena may advise, however, that no appearance is necessary if the items are produced in advance of the date specified, either to the Court in an envelope delivered to the Clerk's Office, or directly to Guevara's counsel as the issuing attorney whose name and address appears at the bottom of the subpoena. If the items are produced directly to Guevara's counsel, he shall file a notice of receipt and service confirming he has provided a copy to the Government and also to the Court.

IT IS, THEREFORE, ORDERED that Guevara's counsel shall prepare and submit to the Clerk of Court completed for AO 89B subpoenas directed to the Jackson Police Department and the Mississippi Capitol Police. The subpoenas shall direct the recipients to produce for any incidents involving A.W.'s residence from January 1, 2025, to May 1, 2026, "call logs, response records, incident reports, Computer Aided Dispatch (CAD) logs, and any audio and video recordings related to these incidents."

IT IS FURTHER ORDERED that the Clerk of Court shall issue the subpoenas submitted by Guevara in accordance with this Order, file under seal a copy of the issued subpoenas, and deliver the issued subpoenas to the United States Marshal for service.

IT IS FURTHER ORDERED that the United States Marshal shall serve the subpoenas on the identified recipients and return the proofs of service to the Clerk of Court for filing under seal.

IT IS FURTHER ORDERED that if the items are returned to the Clerk of Court, then, upon receipt, it shall deliver the items to the Court. If the items are returned to Guevara's counsel, he shall promptly serve copies on the Government and the Court and file a notice confirming receipt and service.

**SO ORDERED AND ADJUDGED** this the 23rd day of July, 2026.

s/ *Andrew S. Harris*
UNITED STATES MAGISTRATE JUDGE